# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    Plaintiff,

  v.                                                          Case No. 07-CR-123

**EDDIE CLAYBROOKS**
    Defendant.

## ORDER

On October 29, 2014, defendant Eddie Claybrooks filed a letter seeking early termination of his supervised release. See 18 U.S.C. § 3583(e)(1). On November 7, 2014, I ordered a response from the government, but it did not file one. On January 20, 2015, defendant filed a second letter regarding his request, and on February 3, 2015, I directed the probation office to file an update memorandum concerning defendant's performance on supervised release. In that memorandum, the probation office states:

> Mr. Claybrooks commenced serving his supervised release term on 8/20/12. He is scheduled to terminate on 8/19/15. He lives with his wife, Rebecca Felix, and their two sons in a rented duplex on the south side of Racine. Mr. Claybrooks is employed as a care giver for an adult group home.
>
> Mr. Claybrooks submits to random drug testing to ensure total abstinence. He has not been arrested or charged in any new criminal conduct. However, in July 2014, the West Bend police department investigated Mr. Claybrooks for allegedly paying for a $3,500.00 motorcycle using $900.00 in counterfeit bills. The district attorney's office declined to prosecute.
>
> Mr. Claybrooks is working on his Bachelors of Art degree through an online degree program. He plans to complete this program in the Fall of 2015.

The probation office does not recommend early termination given defendant's prior record, which resulted in a career offender designation; the fact that he was on state supervision when

he committed the instant offense; and the absence of any new or unforeseen circumstances or exceptional behavior.

Under 18 U.S.C. § 3583(e)(1), the district court may grant early termination if: (1) the defendant has completed at least one year of supervision; (2) the government has been given notice and an opportunity to be heard; and (3) termination is in the interest of justice based on the defendant's conduct and the pertinent sentencing factors under 18 U.S.C. § 3553(a). See United States v. Medina, 17 F. Supp. 2d 245, 245-46 (S.D.N.Y. 1998). Courts have generally concluded that the conduct of the defendant needed to justify early termination should include more than simply following the rules; otherwise, every defendant who avoided revocation would be eligible for early termination. United States v. White, No. 06-CR-50, 2012 WL 5198364, at *2 (E.D. Wis. Oct. 19, 2012). Instead, courts have generally granted early termination only in cases involving some new or unforeseen circumstance, which may include exceptionally good behavior, or where continued supervision would impede the defendant's rehabilitation. Id. (collecting cases). The defendant bears the burden of demonstrating that early termination is justified. Id.

I will permit defendant to file a reply in support of his request. Such reply shall be filed on or before **March 3, 2015**.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin, this 17th day of February, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge