# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    **v.**                            **Case No. 07-CR-123**

**EDDIE CLAYBROOKS**
        **Defendant.**

---

## DECISION AND ORDER

Defendant Eddie Claybrooks seeks early termination of his supervised release. For the reasons that follow, I will grant the request in part, terminating supervision as of April 19, 2015, four months early.

### I.

On March 4, 2008, defendant pleaded guilty to conspiracy to distribute cocaine, contrary to 21 U.S.C. §§ 841(a)(1), (b)(1)(C), & 846. At his August 29, 2008, sentencing hearing, I found that defendant qualified as a career offender under U.S.S.G. § 4B1.1, producing a sentencing guideline range of 151-188 months. United States v. Claybrooks, No. 07-CR-323, 2008 U.S. Dist. LEXIS 66784, at *1 (E.D. Wis. Sep. 2, 2008). On consideration of the 18 U.S.C. § 3553(a) factors and the government's request for a downward variance based on substantial assistance, I found a sentence of 84 months appropriate. Id. at * 12-13. I then adjusted the term by 18 months to account for time served on an undischarged sentence, see U.S.S.G. § 5G1.3(b), imposing a final sentence of 66 months, to be followed by three years of supervised release. Id. at *13.

Defendant completed the prison sentence and commenced supervision on August 20,

2012.  On October 29, 2014, he filed a letter seeking early termination of his supervised release.  In the letter, defendant indicated that he had complied with his conditions of release, avoided new law violations, enrolled in school, and maintained employment.  He attached to the letter copies of transcripts from Ashford University.

On November 7, 2014, I solicited a response from the government, but it did not file one.  On January 20, 2015, defendant filed a second letter regarding his request, and on February 3, 2015, I directed the probation office to file an update memorandum concerning defendant's performance on supervised release.  In that memorandum, the probation office stated:

> Mr. Claybrooks commenced serving his supervised release term on 8/20/12.  He is scheduled to terminate on 8/19/15.  He lives with his wife, Rebecca Felix, and their two sons in a rented duplex on the south side of Racine.  Mr. Claybrooks is employed as a care giver for an adult group home.
>
> Mr. Claybrooks submits to random drug testing to ensure total abstinence.  He has not been arrested or charged in any new criminal conduct.  However, in July 2014, the West Bend police department investigated Mr. Claybrooks for allegedly paying for a $3,500.00 motorcycle using $900.00 in counterfeit bills.  The district attorney's office declined to prosecute.
>
> Mr. Claybrooks is working on his Bachelors of Art degree through an online degree program. He plans to complete this program in the Fall of 2015.

The probation office did not recommend early termination given defendant's prior record, which resulted in the career offender designation; the fact that he was on state supervision when he committed the instant offense; and the absence of any new or unforeseen circumstances or exceptional behavior.

I allowed defendant to file a reply, which he submitted on February 23, 2015.  In that submission, defendant indicated that he and his family are trying to move to another state this summer, and he did not want to leave after school had already started.  He also asserted that

2

his behavior had been exceptional, in that he held a full-time job working with disabled individuals while going to school full-time and tending to his family responsibilities. He concluded that he would be grateful for any reduction that would allow him to relocate in enough time to find a job and get his kids enrolled in school.

## II.

Under 18 U.S.C. § 3583(e)(1), the district court may grant early termination if: (1) the defendant has completed at least one year of supervision; (2) the government has been given notice and an opportunity to be heard; and (3) termination is in the interest of justice based on the defendant's conduct and the pertinent sentencing factors under § 3553(a). See United States v. Medina, 17 F. Supp. 2d 245, 245-46 (S.D.N.Y. 1998). Defendant has served about 2-½ years of supervised release, and the government received notice and an opportunity to respond. I must therefore determine whether early termination is warranted by defendant's conduct and the interest of justice.

"[T]he district court has wide discretion in determining whether to terminate an individual's term of supervised release." United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006). Nevertheless, courts have generally required that the defendant show more than mere compliance; if simply following the rules were enough, any defendant who avoided revocation could obtain early termination. United States v. Coney, No. 08-CR-324, 2013 U.S. Dist. LEXIS 152031, at *2 (E.D. Wis. Oct. 18, 2013) (citing Medina, 17 F. Supp. 2d at 247). Courts have tended to grant early termination where the defendant demonstrates that new or unforeseen circumstances make the original term greater than necessary, the defendant's behavior has been exceptionally good, or continued supervision would impede the defendant's rehabilitation. Id. at *3 (citing United States v. White, No. 06-CR-50, 2012 U.S. Dist. LEXIS

3

151054, at *4-5 (E.D. Wis. Oct. 19, 2012) (collecting cases)). The defendant bears the burden of demonstrating that early termination is warranted. Id.

I find that defendant has demonstrated entitlement to a modest reduction in his supervision term. As indicated above, defendant has done well on supervision, abstaining from drugs, supporting his family, and furthering his education.[1] While the court expects those on supervision to work, support their dependents, and follow the rules, defendant's efforts to obtain his college degree while maintaining full-time employment and satisfying his family responsibilities exceed the norm. Cf. United States v. Nelson, No. 09-CR-108, 2012 U.S. Dist. LEXIS 115459, at *8-9 (E.D. Wis. Aug. 16, 2012) (granting early termination where the defendant went above and beyond what was required).

I also take into account defendant's plan to relocate to another state with his family, a move that would likely be in his rehabilitative interest. See Claybrooks, 2008 U.S. Dist. LEXIS 66784, at *11-12 (discussing defendant's involvement in the Milwaukee-area drug trade dating back to 1996). A defendant on supervision may in some instances obtain a transfer to another district, but that process takes time, and defendant's term is set to expire is less than six months. Given his compliance and the absence of any financial obligations to this court, defendant's desire to relocate supports a modest reduction in the supervision term. See Coney, 2013 U.S. Dist. LEXIS 152031, at *4-5 (granting early termination in part so the defendant could move to another state). A four month reduction in the supervision term should permit defendant to accomplish the desired relocation in time.

Finally, review of the pertinent § 3553(a) factors supports this reduction. Given his

---

[1]On review of the materials defendant submitted with his reply, I am satisfied that the allegations regarding the motorcycle purchase should not impact my decision.

4

progress over the past 2-½ years, service of the full supervision term is not necessary to protect the public or deter further violations. See 18 U.S.C. § 3553(a)(2)(B) & (C). While defendant has a significant prior criminal record, mostly related to drugs, see Claybrooks, 2008 U.S. Dist. LEXIS 66784, at *7-9, he has avoided controlled substances and other violations since his release from prison in 2012. At the time of his original sentencing, defendant had a limited work record and seemingly did little for his children and their mother. Id. at *9. He now lives with his wife and their children and works full-time. He does not appear to have any ongoing educational, vocational, medical, or other correctional needs that would be served by completion of the full supervision term, 18 U.S.C. § 3553(a)(2)(D), and he owes no restitution or other court-ordered financial obligations, 18 U.S.C. § 3553(a)(7).

### III.

**THEREFORE, IT IS ORDERED** that defendant's supervised release is terminated effective **April 19, 2015**.

Dated at Milwaukee, Wisconsin, this 5th day of March, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge